FILED

FEB 20 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| VICTOR ENRIQUE MORAN, | No. 11-71232 |
| Petitioner, | Agency No. A095-714-685 |
| v. | |
| ERIC H. HOLDER, JR., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted February 9, 2015
Pasadena, California

Before: GRABER and WARDLAW, Circuit Judges, and SHEA,[**] Senior District
Judge.

Petitioner Victor Enrique Moran petitions for review of a Board of

Immigration Appeals ("BIA") order dismissing his appeal. We have jurisdiction

under 8 U.S.C. § 1252. We dismiss in part and deny in part the petition for review.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Edward F. Shea, Senior United States District Judge
for the Eastern District of Washington, sitting by designation.

1.       On review, Petitioner argues that the immigration judge's ("IJ") determination that Petitioner was removable lacks sufficient support in the administrative record.  Petitioner did not make that argument in his brief to the BIA, however.  Because Petitioner failed to exhaust the argument, we lack jurisdiction to consider it.  See 8 U.S.C. § 1252(d)(1).

2.       To the extent that Petitioner suggested at oral argument that he was eligible for Federal First Offender Act treatment, that issue is waived because it was neither exhausted at the agency level nor argued in the opening brief.  See id.; Martinez-Serrano v. INS, 94 F.3d 1256, 1259–60 (9th Cir. 1996).

3.       Although the IJ's failure to advise Petitioner of his potential eligibility for pre-hearing voluntary departure was error, the error was harmless because Petitioner's conviction for possession of cocaine makes him permanently inadmissible.  Petitioner therefore cannot show that the IJ's error resulted in prejudice.  See United States v. Cerda-Pena, 799 F.2d 1374, 1377 (9th Cir. 1986).

**DISMISSED IN PART; DENIED IN PART.**